UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARRIN LAPINE,<br><br>Plaintiff,<br><br>v.<br><br>JON PAVITT, *et al.*,<br><br>Defendants. | Case No. 21-cv-10697<br>Honorable Thomas L. Ludington<br>Magistrate Judge Elizabeth A. Stafford |

### REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO PAY THE FILING FEE

Plaintiff Darrin LaPine, a *pro se* parolee under the jurisdiction of the Michigan Department of Corrections (MDOC), sues 33 named defendants and John and Jane Doe defendants for offenses related to the conditions of his confinement. ECF No. 1. The Honorable Thomas L. Ludington referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 6.

In July 2022, Judge Ludington adopted this Court's recommendation to revoke LaPine's in forma pauperis (IFP) status. ECF No. 38; ECF No. 39. The Court ordered LaPine to pay the filing fee by August 10, 2022,

warning him that the Court would recommend dismissal without prejudice if he did not comply. ECF No. 40. LaPine has not paid the filing fee.

Federal Rule of Civil Procedure 41(b) permits courts to dismiss an action sua sponte "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." *Steward v. City of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax supported courts and opposing parties." *Knoll v. AT&T Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotation marks omitted). When dismissing an action under Rule 41(b), a court must consider: "(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Steward*, 8 F. App'x at 296.

The Court warned LaPine that failure to pay the filing fee would result in a recommendation to dismiss the action. ECF No. 40. Yet LaPine did not pay the fee. LaPine's failure to comply with this order amounts to bad faith or contumacious conduct. *See Steward*, 8 F. App'x at 296 (concluding

2

that failure to support a motion to proceed IFP or pay the filing fee "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal").

Thus, the Court **RECOMMENDS** that LaPine's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to pay the filing fee.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: September 28, 2022

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of

objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 28, 2022.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
